**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ALVIN CAMILLO,                    :
                                  :        Civil No. 03-1297 (JWB)
            Petitioner,           :
                                  :
      v.                          :
                                  :             **OPINION**
ROY L. HENDRICKS, et al.,         :
                                  :
            Respondents.          :

---

**APPEARANCES:**

> ALVIN CAMILLO, Petitioner Pro Se
> # 202203
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey 08625

**BISSELL, Chief Judge**

This matter is before the Court on petitioner Alvin Camillo's application for habeas corpus relief under 28 U.S.C. § 2254.  For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

## I.   BACKGROUND

Petitioner, Alvin Camillo ("Camillo"), is a state prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, pursuant to a state court judgment of conviction.  On November 22, 1985, Camillo was sentenced to a 30-year prison term

with a 15-year mandatory minimum for felony murder, pursuant to N.J.S.A. 2C:11-3. (Ra4-Ra-5).[1] On November 6, 1987, Camillo was sentenced to a 12-year prison term with a four-year mandatory minimum for robbery, pursuant to N.J.S.A. 2C:15-1. (Ra9-Ra10). The robbery sentence was imposed consecutive to the felony murder sentence. (Id.). Subtracting 473 days of jail credits, Camillo's mandatory minimum term expired on August 6, 2003. Thus, Camillo's parole eligibility date was August 7, 2003. (Ra1-Ra2). In its answer to the petition the State calculated Camillo's actual maximum release date to be January 22, 2008, based upon his aggregated term of incarceration minus commutation and other credits. (Id.). The New Jersey Department of Corrections website offender search confirms that Camillo is currently in state custody and that his maximum release date is September 27, 2007. There is no current parole eligibility date.

Camillo filed this federal habeas petition on or about March 21, 2003, challenging his prison sentence on the grounds that the Ex Post Facto Clauses of the New Jersey and United States Constitution were violated.[2] He claims that he was sentenced under new laws not in effect at the time he committed his crime and was convicted.

---

[1] "Ra" refers to the appendix submitted by the State respondents in answer to the petition.

[2] To the extent that petitioner challenges state law, such claim is not cognizable in this petition under § 2254.

Camillo also alleges that he is serving beyond his maximum aggregate sentence, and that he did not receive the maximum commutation credits to which he was entitled.  He states that he received only 1465 days of an allotted 6288 days for an aggregated term of 42 years.  Under N.J.S.A. 30:4-140, Camillo contends that he is entitled to "any maximum sentence in excess of 30 years shall earn 192 credits for each full month." (Petitioner's Brief at pg. 1).

Camillo next argues that his due process rights were violated when the State refused to aggregate his consecutive sentences as mandated by N.J.S.A. 30:4-123.1.  He cites State v. Richardson, 208 N.J. Super. 399 (App. Div. 1986) in support of his argument.  Camillo seeks immediate release from prison.

The State answered the federal habeas petition on January 26, 2004.  First, the State contends that the petition should be dismissed because the claims are unexhausted.  Second, the State argues that petitioner is not entitled to immediate release because commutation and work credits cannot serve to reduce a mandatory-minimum term pursuant to N.J.S.A. 40:123.51a.  Finally, the State contends that there was no ex post facto violation because the statute restricting the application of commutation and work credits to reduce a mandatory minimum term was in effect at the time Camillo committed his crime.

3

## II.   EXHAUSTION REQUIREMENT

It is well established that a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1); see also 28 U.S.C. § 2254(c); Rose v. Lundy, 455 U.S. 509, 510 (1982); Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004).  A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the

4

state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277. To meet the exhaustion requirement, the claim need not be discussed in a state court decision nor even be considered by the state court. Picard, 404 U.S. at 275.

Here, the State contends that Camillo never raised the federal habeas claims asserted here in any state court proceedings. Thus, the petition is unexhausted and should be dismissed accordingly. To the extent that the claims in this petition were not fully presented to the highest state court, the Court will nevertheless review the claims under its discretion pursuant to 28 U.S.C. § 2254(b)(2),[3] because they are clearly without merit. See Lambert, 134 F.3d at 514-15 (district court

---

[3] Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

5

may deny federal habeas petition on the merits, pursuant to 28
U.S.C. § 2254(b)(2), when "it is perfectly clear that an
applicant does not raise even a colorable federal claim"); Duarte
v. Hershberger, 947 F. Supp. 246 (D.N.J. 1996).

III.  ANALYSIS OF PETITIONER'S CLAIMS

The Court liberally construes petitioner's claims as
alleging a violation of the due process and ex post facto clauses
of the United States Constitution.[4]  Essentially, Camillo seeks
immediate release based on his assertion that commutation and
work credits were not applied to his sentence pursuant to the
statutes in existence at the time he was sentenced.  The State
counters that the existing law at the time was applied, and that
law did not permit commutation and work credits to be applied to
mandatory minimum sentences.

---

[4]  The Court recognizes that a pro se pleading is held to
less stringent standards than more formal pleadings drafted by
attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v.
Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition
should be construed liberally and with a measure of tolerance.
See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v.
Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); Duarte v.
Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because Camillo is
proceeding pro se in his application for habeas relief, the Court
will accord his petition the liberal construction intended for
pro se litigants.

6

A. <u>Ex Post Facto Claim</u>

The Court first addresses petitioner's contention that the State's denial of commutation and work credits to reduce his sentence violates the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause.

The Ex Post Facto Clause of the U.S. Constitution bars any "enactments, which by retroactive operation, increase the punishment for a crime <u>after its commission</u>." <u>Garner v. Jones</u>, 529 U.S. 244, 249-50 (2000) (citations omitted) (emphasis added). A changed agency policy can violate the Ex Post Facto Clause if it has the effect of changing substantive law. <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 301-03 (1979); <u>U.S. ex rel. Forman v. McCall</u>, 709 F.2d 852, 859-63 (3d Cir. 1983), <u>on appeal after remand</u>, 776 F.2d 1156, 1163-64 (3d Cir. 1985), <u>cert. denied</u>, 476 U.S. 1119 (1986); <u>Blair-Bey v. Quick</u>, 159 F.3d 591, 592 (D.C. Cir. 1998).

Here, Camillo was convicted in 1985 and 1987 for offenses committed in 1982 and 1983. The state courts imposed mandatory minimum sentences for both convictions to be consecutive to each other; thus, Camillo's 30-year prison term with a 15-year mandatory minimum for felony murder and his 12-year prison term with a 4-year mandatory minimum for the robbery conviction rendered Camillo ineligible for release from prison for at least 19 years. The sentences were imposed pursuant to convictions adjudicating violations of N.J.S.A. 2C:11-3a(3)(felony murder)

7

and N.J.S.A. 2C:15-1 (robbery).  There can be no dispute that Title 2C applies to Camillo's offenses which were committed in 1982 and 1983, subsequent to the effective date of Title 2C on September 1,  1979.

However, Camillo does not quarrel with the sentences as they were imposed; rather, he argues that the State is not applying commutation and work credits to his sentence to reduce his term of imprisonment.  Camillo argues that the State is applying a statute restricting the application of commutation and work credits to his mandatory minimum prison term, which was enacted after he was sentenced.

This allegation is wholly inaccurate.  The law applicable at the time Camillo was sentenced (and at the time he committed the offenses for which he was convicted) unambiguously prohibits the reduction of mandatory minimum sentences through the application of commutations and work credits.  N.J.S.A. 40:123.51a; Merola v Department of Corrections, 285 N.J. Super. 501, 509-510 (App. Div. 1995), certif. denied, 143 N.J. 519 (1996).  Specifically, N.J.S.A. 40:123.51a provides: "commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits shall only be awarded subsequent to the expiration of that term."

Thus, while N.J.S.A. 30:4-140 and 30:4-92 permit inmates to accrue credits for continuous good behavior and productive work

8

while in prison that may reduce their sentences, such credits can not be applied to reduce mandatory minimum sentences.  N.J.S.A. 30:4-123.51.  This statute is a part of the Parole Act of 1979, N.J.S.A. 30:4-123.45 to .69, in effect and applicable at the time Camillo was convicted and sentenced for crimes committed in 1982 and 1983.  Therefore, the Court finds Camillo's claim of an <u>ex post facto</u> violation to be completely without merit.

B.   <u>Camillo Is Not Entitled to Commutation and Work Credits</u>

Camillo's claim for immediate release based on application of work and commutation credits also must be denied for lack of merit.  Camillo claims that the State's refusal to apply commutation and work credits to his entire prison term violates his rights to due process and equal protection.

As mentioned above, Camillo was sentenced to mandatory minimum prison terms totaling 19 years.  This mandatory minimum term cannot be reduced by commutation and work credits as expressly mandated by state statute, N.J.S.A. 40:123.51a.  <u>See</u> <u>Merola</u>, 285 N.J. Super. at 507-515.  In <u>Merola</u>, the state appellate court found that the State Legislature had "enacted unambiguous statutes prohibiting the reduction of mandatory minimum sentences through the application of commutation and work credits."  285 N.J. Super. at 509 (referring to both N.J.S.A. 30:4-123.51 and N.J.S.A. 2C:11-3b, which imposes a 30-year mandatory minimum sentence on non-capital murders).

9

The court also held that Merola did not have a constitutionally protected liberty interest in reducing his mandatory minimum sentence under the Due Process Clause of the New Jersey and United States Constitutions.  Merola, 285 N.J. Super. at 512-514.  In particular, the court relied on United States Supreme Court precedent holding that there is no federal constitutional right to good time (or commutation) credits.  Id. at 513 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Further, there is no federal constitutional right guaranteeing a prisoner the right to work during his incarceration.  Johnson v. Fauver, 559 F. Supp. 1287, 1290 (D.N.J. 1983).  Accordingly, the state court held that where an inmate has no federal constitutional right to receive commutation and work credits, correspondingly, he has no right to apply such credits "in contravention of a state statute requiring that an inmate serve a mandatory minimum term."  Merola, 285 N.J. Super. at 513.

Finally, the court also rejected Merola's equal protection claim.  The court held that the classification was not suspect, and that the State need show only a rational basis for its classification.  Id. at 514 ("Clearly, a rational basis exists for distinguishing between inmates based on the severity of the crimes committed").  Thus, the court found that the restricting statutes were rationally related to a legitimate government interest.  Id. at 514-15.

10

Therefore, based on the clear mandate of the New Jersey State Legislature, this Court finds that Camillo's mandatory minimum prison term of 19 years cannot be reduced by commutation and work credits, and he is not entitled to release from prison earlier than mandated by the imposed sentence.  Moreover, the State's refusal to apply commutation and work credits to reduce Camillo's 19 year mandatory prison term does not violate Camillo's rights to due process or equal protection.[5]  Camillo's claim for immediate release on these grounds is denied for lack of merit.

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by Camillo demonstrates that he failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, the

---

[5]  Camillo also appears to allege that his right to due process was denied when his consecutive sentences were not aggregated pursuant to N.J.S.A. 30:4-123.1 (repealed in 1979) further reducing his mandatory prison term.  He relies on State v. Richardson, 208 N.J. Super. 399 (App. Div. 1986), certif. denied, 105 N.J. 552 (1986).  This case is inapplicable here because it did not involve mandatory minimum sentences.

11

Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the foregoing reasons, this Court finds that Camillo's § 2254 habeas petition should be denied on the merits.   A certificate of appealability will not issue.   An appropriate Order accompanies this Opinion.

JOHN W. BISSELL, Chief Judge
United States District Court

DATED: _August 17_ , 2005

12